# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 20-313V
Filed: July 15, 2021
UNPUBLISHED

| | |
|---|---|
| ROSA SOTO GALVAN,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Special Master Horner<br><br>Attorneys' Fees and Costs;<br>Reasonable Basis; Good Faith |

*Kristina Kay Green, Kralovec, Jambois & Schwartz, Chicago, IL,, for petitioner.*
*Mary Eileen Holmes, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On March 20, 2020, petitioner, Rosa Soto Galvan, filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012)[2], alleging that she suffered anaphylaxis and related complications, including serum sickness-like syndrome, following administration of hepatitis A, hepatitis B, influenza, and pneumococcal conjugate vaccinations on September 26, 2018. (ECF No. 1, p. 1.) On July 6, 2020, I issued a decision granting respondent's motion to dismiss and dismissing petitioner's case. (ECF No. 19.) Petitioner filed a motion for review. (ECF No. 22.) On December 17, 2020, the Court denied petitioner's motion for review and judgment was entered. (ECF Nos. 25-26.)

Petitioner now moves for an award of attorneys' fees and costs. (ECF No. 28.) Respondent opposes petitioner's motion on the basis that no reasonable basis existed for the filing of this petition; however, to the extent any award is made, respondent

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

[2] Hereinafter, all references to "§300aa" refer to sections of the Vaccine Act.

1

defers to the special master regarding the amount of the award. (ECF No. 29.) For the reasons discussed below, petitioner is awarded attorneys' fees and costs in the full amount of $26,507.98.

I.  **Petitioner is Eligible for an Award of Attorneys' Fees and Costs**

Section 15(e)(1) of the Vaccine Act allows the special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are eligible for an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

"Good faith" is a subjective standard. *Hamrick v. Sec'y of Health & Human Servs.*, No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007). A petitioner acts in "good faith" if he or she holds an honest belief that a vaccine injury occurred. *Turner v. Sec'y of Health & Human Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). In this instance, petitioner's good faith is not challenged. (ECF No. 29, p. 8)

"Reasonable basis," however, is an objective standard. Unlike the good faith inquiry, reasonable basis requires more than just petitioner's belief in his claim. *See Turner*, 2007 WL 4410030, at *6. Instead, a reasonable basis analysis "may include an examination of a number of objective factors, such as the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa v. Sec'y of Health & Human Servs.*, 138 Fed. Cl. 282, 289 (2018); *accord Cottingham v. Sec'y of Health & Human Servs.*, 971 F.3d 1337 (Fed. Cir. 2020). "More than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis." *Cottingham,* 971 F.3d at 1346.

Respondent argues both that petitioner has provided nothing more than her own assertion that she suffered a vaccine injury and further that she has not provided evidence that she underwent a surgical intervention because of that injury. (ECF No. 29, p. 8.) Respondent contends that petitioner's assertion that her knee arthrocentesis constituted a surgical intervention "defies" prior program caselaw and therefore her claim was "completely infeasible." (*Id*. at 8-9.) Respondent also contends that petitioner failed to come forward with "more than a scintilla" of evidence supporting causation. (*Id*. at 9.)

As discussed in my decision dismissing this case, however, petitioner's medical records reflect that both her initial hospitalization and her primary care follow up resulted in assessments and notations considering whether petitioner experienced a vaccine reaction. Petitioner's primary intake diagnosis at the emergency department was "other complications following immunization, not elsewhere classified," and she had secondary diagnoses including "other serum reaction due to vaccination, initial encounter," and "adverse effect of other viral vaccines, initial encounter." (ECF No. 15, p. 7 (quoting Ex.

2

4, p. 219).)  Petitioner was discharged with instructions to follow up with her primary care physician. (Ex. 4, p. 221.)  That primary care physician in turn recorded a history of "serum sickness-like reaction" and recorded an impression of "adverse reaction to mixed bacteria vaccine." (Ex. 1, pp. 33, 35.)  Although these assessments are not beyond challenge, given the weight treating physician opinions are typically afforded in this program, these notations provide more than a mere scintilla of objective evidence supporting vaccine causation. *E.g. Capizzano v. Sec'y of Health & Human Servs.*, 440 F.3d 1317, 1326 (Fed. Cir. 2006) ("medical records and medical opinion testimony are favored in vaccine cases, as treating physicians are likely to be in the best position to determine whether a 'logical sequence of cause and effect show[s] that the vaccination was the reason for the injury'.")

Also important, although further record development would have been necessary, petitioner's claim survived respondent's motion to dismiss on the question of whether petitioner's arthrocentesis was an intervention in treatment of petitioner's alleged vaccine reaction. (ECF No. 19, pp. 16-18.)  Petitioner pointed to medical record evidence that her arthrocentesis was in treatment of her right knee effusion (and not merely for diagnosis) and further provided an offer of proof in the form of an internet publication suggesting that serum sickness can present with rheumatic features, including arthralgia as well as swelling and pain due to arthritis in a minority of patients.[3] (Ex. 6, p. 8.)  Although inchoate, I concluded in effect that petitioner's claim was feasible. *Accord Cottingham*, 971 F.3d at 1346 (concluding that circumstantial evidence contained in medical records combined with other literature (in that case a vaccine package insert) can constitute objective evidence supporting reasonable basis).

Nonetheless, respondent further contends that petitioner's claim remained infeasible because her assertion that arthrocentesis was surgical in nature was not supported by prior program case law (discussed at length in the decision dismissing this case), thereby failing to satisfy the statutory severity requirement for this program.  And, indeed, this was the question that resulted in dismissal of this claim.  Petitioner stresses, however, that the prior program caselaw cited by respondent consisted entirely of prior decisions of other special masters which are not binding on me. (ECF No. 30, p. 6-7; *see also Hanlon v. Sec'y of Health & Human Servs.*, 40 Fed. Cl. 625, 630 (1998).)  Petitioner is correct that no binding caselaw dictated the result in this case. (ECF No. 30, p. 6.)  Moreover, the specific procedure of arthrocentesis had never been addressed.  Additionally, the prior decisions by special masters were split, depending on fact pattern, as to whether the other specific needle-based procedures at issue in those cases constituted a surgery.  In that context, even though petitioner did not prevail, respondent's assertion that prior caselaw in itself rendered this case "completely infeasible" is overstatement.  Moreover, although I found the weight of evidence was against petitioner's assertion, she did provide some support for the idea

---

[3] Respondent likewise argued that petitioner's joint effusion resulted from arthritis but contended that it was unrelated to any serum sickness or vaccine reaction and instead due to osteoarthritis.  Respondent contended that the arthrocentesis was performed solely to rule out septic arthritis. (ECF No. 13, pp. 8-9.)

that arthrocentesis is surgical. Specifically, petitioner filed a January 2020 online article titled "Knee Arthrocentesis" by Akbarnia and Zahn from the National Center for Biotechnology Information ("NCBI") "Bookshelf" service (Ex. 7), which characterized arthrocentesis as "a minor surgical procedure" and a definition of "surgery" as adopted by the AMA based on a statement from the American College of Surgeons (Ex. 8) that confirmed that in some instances a surgery can be performed by needle.

In light of all of the above, I conclude that petitioner is eligible for an award of attorneys' fees and costs.

### II.     Amount of the Award of Attorneys' Fees and Costs

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1347. This is a two-step process. *Id*. at 1347-48. First, a court determines an "initial estimate…by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id*. (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id*. at 1348.

A reasonable hourly rate is "the prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Avera*, 515 F.3d at 1348 (citation and quotation omitted). The decision in *McCulloch* provides a further framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motions for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Office of Special Masters has subsequently updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015-2016, 2017, 2018, 2019, 2020, and 2021 can be accessed online.[4]

Special masters may rely on their experience within the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 485 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Special masters have previously reduced the fees

---

[4] Each of the Fee Schedules for 2015 through 2020 can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are derived from the decision in *McCulloch*, 2015 WL 5634323. The schedules for 2017, 2018, 2019, 2020, and 2021 are adjusted for inflation using the Producer Price Index for Offices of Lawyers ("PPI-OL").

paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).

In this case, petitioner is seeking $25,498.00 in attorneys' fees for work performed in 2018 through 2020. I have reviewed the billing records submitted with petitioner's request, the hourly rates billed for 2018 through 2020 for attorney time, paralegal time, and law clerk time, have all been set in a prior decision by the Chief Special Master and I agree that they are all reasonable. *Nuss v. Sec'y of Health & Human Servs.*, No. 18-1676V, 2020 WL 3498127 (Fed. Cl. Spec. Mstr. May 22, 2020). Also, I have reviewed the billing records submitted and I find that the hours requested are all reasonable.

Additionally, attorneys' costs must be reasonable as well. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both. Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs."). I have also reviewed petitioner's submission with regard to her requested costs. The costs incurred were all reasonable and are sufficiently documented.

Accordingly, the requested amount is awarded in full.

### III.     Conclusion

In light of the above, petitioner's motion for an award of final attorneys' fees and costs is hereby **GRANTED** and petitioner is awarded $26,507.98, representing $25,498.00 in attorneys' fees and $1,009.98 in attorneys' costs.

**Accordingly, I award a total of $26,507.98 as a lump sum in the form of a check payable to petitioner and her counsel, Kristina Kay Green, Esq.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

s/Daniel T. Horner<br>
Daniel T. Horner<br>
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.